UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**FLAMBEAU RIVER PAPERS, LLC,**

    Plaintiff,

v.                                          Case No: 2:15-cv-00594

**TURBINE GENERATOR MAINTENANCE, INC.,**

    Defendant.

**JOINT DISCOVERY PLAN PURSUANT TO FED. R. CIV. P. 26(f)**

Plaintiff Flambeau River Papers, LLC ("Flambeau") and Defendant Turbine Generator Maintenance, Inc. ("TGM"), by their undersigned counsel, submit the following Joint Discovery Plan Pursuant to Fed. R. Civ. P. 26(f). The parties, by their attorneys, telephonically conferred on October 16, 2015 to discuss the matters set forth in Rule 26(f) and the Court's Standing Order Governing Preliminary Pretrial Conferences. A scheduling conference in this case is scheduled for November 5, 2015, at 1:30 p.m.

1.    <u>Nature of the Case</u>. Flambeau is a Wisconsin limited liability company which operates a paper mill on the Flambeau River in Park Falls, Wisconsin. Flambeau makes its own electricity at its Park Falls mill. As alleged in the Complaint, Flambeau contracted with TGM, a Florida corporation, in 2014 for the repair of a steam turbine generator in the Park Falls mill. Flambeau contends that, under the contract, TGM was to reduce water loss from the generator (which reduces electricity production) to less than 4 gallons per minute.

Flambeau alleges that TGM breached the contract by failing to meet this mark and by otherwise failing to provide satisfactory repair work.  Flambeau contends that TGM's performance deficiencies forced Flambeau to incur hundreds of thousands of dollars in damages by requiring Flambeau to purchase electricity from power companies and expend additional money for repairs.  TGM denies all these allegations.

TGM contends that the parties executed a written contract that contained a Services Agreement, including a forum selection clause.  TGM has filed a motion to transfer the case to the U.S. District Court for the Middle District of Florida or, in the alternative, motion to stay proceedings.  In addition, TGM has filed a motion to dismiss the Complaint.  Should TGM's motions be denied, it is expected that TGM will file a counterclaim against Flambeau to argue that Flambeau has not fully paid TGM under the parties' contract.  At trial, Flambeau will take the position that TGM's performance was deficient and that it was not, therefore, entitled to the payments it seeks.

2. Related Cases.  There is one related case, filed by TGM against Flambeau and now pending in the Middle District of Florida as *Turbine Generator Maintenance, Inc. v. Flambeau River Papers, LLC*, Case No. 2:15-cv-00478.  In that case filed by TGM in state court and removed by Flambeau to the Middle District of Florida, TGM claims that Flambeau failed to make full payment for services it rendered at the Flambeau mill.  Flambeau contends that a threshold

2

issue in the Florida litigation is whether personal jurisdiction over Flambeau is proper in Florida.

    3.    <u>Material Factual and Legal Issues To Be Resolved At Trial</u>.  The material factual and legal issues to be resolved at trial will be further refined through the discovery process.  At this time, the list of such issues includes, but is not limited to the following:

    a.    The terms of the parties' contract, including whether such contract includes a forum selection clause and a limitation of damages provision;

    b.    The circumstances that led Flambeau to enter into a contract with TGM, including the pre-contract inspection of Flambeau's steam turbine generator provided by TGM;

    c.    Whether TGM fraudulently induced Flambeau to enter into a contract;

    d.    Whether TGM breached the parties' contract; and

    e.    Whether TGM breached the implied covenant of good faith and fair dealing.

    f.    Whether Flambeau breached the contract by failing to make all required payments under the contract and subsequent change orders.

    4.    <u>Amendments To The Pleadings</u>.  The parties wish to have 15 days to consider the amendment of the pleadings.  Flambeau may amend to assert a breach of warranty claim or other claims.

5. <u>Additional Parties</u>. At this time, the parties do not intend to add any new parties.

6. <u>Estimated Length Of Trial</u>. The parties estimate a trial of five days.

7. <u>Other Issues</u>. None.

8. <u>Proposed Discovery Plan And Case Schedule</u>. The parties agree to the following proposed schedule:

| Event | Agreed Date |
|---|---|
| Amendment of pleadings and/or joinder of parties without leave of court | November 20, 2015 |
| Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | December 16, 2015 |
| Disclosure of retained experts under Fed. R. Civ. P. 26(a)(2)(B) and non-retained experts under Fed. R. Civ. P. 26(a)(2)(C) on matters for which the party has the burden of proof | February 5, 2016 |
| Disclosure of retained rebuttal experts under Fed. R. Civ. P. 26(a)(2)(B) and non-retained rebuttal experts under Fed. R. Civ. P. 26(a)(2)(C) | April 8, 2016 |
| Deadline for filing dispositive motions | June 6, 2016 |
| Discovery cutoff. Depositions and written discovery shall be commenced in time to be completed by this date. | August 29, 2016 |
| Deadline for settlement letters | September 19, 2016 |
| Pre-trial disclosures pursuant to Fed. R. Civ. P. 26(a)(3) | September 26, 2016 |
| Final pretrial conference | October 24, 2016 |
| Trial begins | November 7, 2016 |

9. <u>Discovery Limits</u>. The parties do not contemplate any changes or limitations to the default discovery limitations other than those referenced in this Joint Discovery Plan.

10. <u>Electronic Discovery</u>. Both parties maintain and have taken steps to preserve any potentially relevant discoverable electronically stored information ("ESI"). The parties do not yet know whether ESI may play a significant role in discovery in the proceeding, but agree to confer regarding the form in which any ESI should be produced in the event a party has ESI responsive to another party's discovery request. The parties reserve the right to request that electronic discovery be produced as native documents with metadata included.

11. <u>Privilege Issues</u>. The parties agree to the following procedures for asserting claims of privilege after production:

If any information or document alleged to be subject to attorney-client privilege, attorney work product, or any other applicable privilege or immunity from discovery is inadvertently produced despite reasonable safeguards, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege, work product, or other ground for withholding production to which the producing party would otherwise be entitled. The parties agree that Fed. R. Civ. P. 26(b)(5)(B) otherwise is fully applicable.

12. <u>Protective Order</u>. The parties agree that a protective order controlling access to confidential and proprietary material and information

pursuant to Fed. R. Civ. P. 26(c) may be necessary. The parties expect to be able to negotiate any necessary protective order and present such order to the Court.

Dated this 2nd day of November, 2015.

Respectfully submitted,

**DEWITT ROSS & STEVENS S.C.**

By: */s/ Deborah C. Meiners*
  Jon P. Axelrod (#1012131)
  Deborah C. Meiners (#1074114)
  Two East Mifflin Street, Suite 600
  Madison, WI  53703-2865
  Telephone:  608-255-8891
  Fax:  608-252-9243

  **Attorneys for Plaintiff Flambeau River Papers, LLC**

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ Mark C. Anderson*
  Mark C. Anderson (*pro hac vice*)
  2235 First Street
  Fort Myers, FL  33901
  Telephone:  239-334-7892
  Fax:  239-425-6380

**GODFREY & KAHN, S.C.**
  John Kirtley (#1011577)
  Kerry L. Gabrielson (#1084845)
  One East Main Street, Suite 500
  Madison, WI  53701-2719
  Telephone:  608-257-3911
  Fax:  608-257-0609

  **Attorneys for Defendant Turbine Generator Maintenance, Inc.**